IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED

JUL 3 0 2007

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| NAOMI JOHNSON, Individually and As Next Friend of NATHAN DAVID EHIWEVMA UDUOJIE, a Minor | § § § § | CIVIL ACTION NO. |
| VS. | § § | _____ |
| WAL-MART STORES, INC. and KAZ, INC. | § § § | "JURY" |

### PLAINTIFFS' ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Naomi Johnson, Individually and As Next Friend of Nathan David Ehiwevma Uduojie, a Minor, Plaintiffs herein, complaining of Wal-Mart Stores, Inc. and Kaz, Inc., hereinafter referred to as Defendants, and file this Plaintiffs' Original Complaint and Demand for Jury Trial and for causes of action would respectfully show unto the Court as follows:

I.

### PARTIES

1.   Plaintiffs are citizens of the State of Texas and domiciled in Houston, Harris County, Texas. Plaintiff Naomi Johnson is the natural mother of Nathan David Ehiwevma Uduojie, a Minor.

2.   Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with its principal office in Bentonville, Arkansas. Wal-Mart does business in Texas and may be served with process by mailing by registered or certified mail, return receipt requested, the citation and a copy of this Petition to its registered agent in Texas: CT Corporation System, 350 North St. Paul St., Dallas, Texas, 75201, in accordance with Tex. R. Civ. P. 106(a)(2).

3.   Defendant Kaz, Inc. is a foreign corporation having sufficient business contacts with the State of Texas to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for

causes of action arising out of business done in the State of Texas. For these reasons, service of process is to be made pursuant to Tex. Civ. Prac. & Rem. Code, § 17.044 by serving the Secretary of State of Texas as agent for Kaz, Inc. This matter arose out of business contacts in this state, and under the circumstances, Kaz, Inc., has appointed the Secretary of State of Texas as its agent upon whom service of process may be had in this action. The Secretary of State is requested to forward a copy of the process with this Petition to Patterson, Belknap, Webb & Tyler, LLP, by serving John P. Schmitt, Esq., an agent, servant, and/or employee at 1133 Avenue of Americas, New York, New York 10036.

II.

## JURISDICTION

4. This Honorable Court has jurisdiction over this controversy pursuant to 28 U.S.C., §1332, for the reason there is diversity of citizenship between Plaintiffs and Defendants and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

III.

## VENUE

5. The incident complained of herein occurred in the Southern District of Texas. Accordingly, venue is proper in the United States District Court for the Southern District of Texas, Galveston Division, pursuant to 28 U.S.C., §1391(a).

IV.

## GENERAL FACTUAL ALLEGATIONS

6. On or about May 21, 2007, Plaintiff Nathan David Ehiwevma Uduojie, a Minor, a Minor, suffered burn injuries to his face and left arm as a result of a defective ReliOn humidifier manufactured by Kaz, Inc, Model RWM975, which was marketed and sold exclusively by Defendant Wal-Mart Stores, Inc.

7. Plaintiff Naomi Johnson regularly used the humidifier.

8. On May 21, 2007, Plaintiff Naomi Johnson was using the humidifier when it fell on the minor Plaintiff spilling scalding hot water on his face and left arm (the "Occurrence in Question"), causing extensive burns to Uduojie

9. As a proximate result of the occurrence in question, Plaintiff Nathan David Ehiwevma Uduojie, a Minor, suffered severe, disabling and disfiguring bodily injuries to his face, left arm, and body generally.

V.

## CAUSES OF ACTION

10. **Design Defect.** The humidifier was defectively designed by Defendant Kaz at the time it left the possession of Defendant Wal-Mart in that it was unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use, and such design defect was a producing cause of the occurrence in question.

11. **Manufacturing Defect**. The humidifier was defectively manufactured by Defendant Kaz at the time it was sold/left the possession of Defendant Wal-Mart in that it was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with ordinary knowledge to the community as to the product's characteristics, and such manufacturing defects were a producing cause of the occurrence in question.

12. **Marketing Defect**. The humidifier was defectively marketed by Defendant Kaz at the time it was sold/left the possession of Defendant Wal-Mart Defendants Kaz and Wal-Mart failed to give adequate warnings of the dangers of the humidifier and/or failed to give adequate instructions to avoid such dangers, and such marketing defects rendered the humidifier unreasonably dangerous and was a producing cause of the occurrence in question.

13. **Breach of Implied Warranty.** The humidifier manufactured by Defendant Kaz and supplied by Defendant Wal-Mart was unfit for ordinary purposes for which such humidifiers are used because of its design/manufacturing and marketing defects and such condition was a proximate cause of the occurrence in question.

14. **Negligence**. Defendants Kaz, Inc. and Wal-Mart Stores, Inc. were negligent in connection with the design/manufacture, sale and marketing of the humidifier and such negligence was a proximate cause of the occurrence in question.

15. **Gross Negligence**. Defendants Kaz, Inc. and Wal-Mart-Stores, Inc. acted with gross negligence/malice and such gross negligence/malice was a proximate cause of the occurrence in question.

VI.

## DAMAGES

16. Plaintiff Naomi Johnson has incurred reasonable and necessary medical expenses in the past and, in all probability, will incur reasonable and necessary medical expenses in the future.

17. Plaintiff Naomi Johnson has suffered mental anguish and loss of companionship and society of her son, Nathan David Ehiwevma Uduojie, a Minor, in the past and, in all probability, will suffer this element of damage in the future.

18. Plaintiff Nathan David Ehiwevma Uduojie, a Minor, has suffered physical pain, physical impairment, physical disfigurement and mental anguish in the past and, in all probability, will suffer these elements of damage in the future.

19. Plaintiff Nathan David Ehiwevma Uduojie, a Minor, has sustained a loss of wage earning capacity.

20. Plaintiffs should recover an additional amount from Defendants Kaz, Inc. and Wal-Mart Stores, Inc. as exemplary damages to punish and deter Defendants Kaz, Inc. and Wal-Mart Stores, Inc.

VII.

## DEMAND FOR PRE-JUDGMENT INTEREST

21. Plaintiffs submit that many of the damages that they have sustained may be determined by known standards of value and accepted rules of evidence. Accordingly, Plaintiffs

claim that they are entitled to pre-judgment interest in accordance with §304.14, et seq., Texas Finance Code, or as the Court otherwise directs, calculated at the legal rate or as otherwise set by law of the Court.

## VIII.

## DEMAND FOR JURY

22. Plaintiffs hereby demand a trial by jury of all issues in this action.

## IX.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited and required to appear and answer herein according to the law, and that upon final hearing, Plaintiffs receive judgment from Defendants for the damages hereinabove set out, for costs of suit from date of filing, for pre-judgment interest, for interest from the date of judgment, and for such other and further relief to which Plaintiffs may show themselves justly entitled and will forever pray.

Respectfully submitted,

VUJASINOVIC & BECKCOM, L.L.P.

_____
**BRIAN BECKCOM**
Federal Bar No. 24318
1001 Texas Avenue, Suite 1020
Houston, Texas 77002
713.224.7800
713.224.7801 Fax

**ATTORNEYS FOR PLAINTIFFS**

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Naomi Johnson, et al.

**DEFENDANTS**
Wal-Mart Stores, Inc. and Kaz, Inc.

(b) County of Residence of First Listed Plaintiff   **Harris**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **unknown**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

United States Courts
Southern District of Texas
FILED
JUL 30 2007

(c) Attorney's (Firm Name, Address, and Telephone Number)
Vujasinovic & Beckcom, PLLC, 1001 Texas Avenue, Suite 1020
Houston, Texas 77002; 713.224.7800; 713.224.7801 fax

Attorneys (If Known)

Michael N. Milby, Clerk of Court

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
vaporizer manufactured by Defendant Kaz and sold by Defendant Wal-Mart

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                                                       DOCKET NUMBER

DATE                                      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____